KINGS CASTLE LIMITED PARTNERSHIP, LAKE ENTERPRISES, INC., A NEVADA CORPORATION, GENERAL PARTNER, APPELLANTS, *v.* WASHOE COUNTY BOARD OF COUNTY COMMISSIONERS AND J. B. CUNNINGHAM, LEO SAUER, JOE COPPA, J. C. McKENZIE, AND HOWARD McKISSICK, SR., THE DULY ELECTED AND QUALIFIED MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS, THE REGIONAL PLANNING COMMISSION OF RENO, SPARKS, AND WASHOE COUNTY, AND D. N. WHITMORE, SENIOR CITY PLANNER THEREOF, RESPONDENTS.

No. 6501

October 30, 1972                    502 P.2d 103

---

[1] A history of the federal court litigation is set forth in Kelly v. Guinn, 456 F.2d 100 (9 Cir. 1972).

*Frank R. Petersen,* of Reno, and *Simon, Sheridan, Murphy, Thornton & Medvene,* of Los Angeles, for Appellants.

*Robert E. Rose,* District Attorney, and *Larry D. Struve,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Appealing a summary judgment entered August 7, 1970, appellants contend the district court should have ordered respondents to approve appellants' plans for two high-rise condominium apartment buildings, which did not conform to ordinances in effect when the court ruled, but which did conform to an ordinance not as yet formally abrogated when

respondents declined to approve appellants' plans. We affirm the judgment.

Knowing the Nevada Tahoe Regional Planning Agency would soon adopt minimum construction standards for the Lake Tahoe Basin pursuant to legislative mandate (Stat. of Nev. 1969, ch. 52; NRS 278.702 et seq.), the respondent Planning Commission disapproved appellants' plans on February 3, 1970. As required by NRS 278.330(4), the Commission stated the conditions under which approval would have been given, one of which was: "Full compliance with the pending Nevada Tahoe Regional Planning Agency plan, particularly where it concerns densities and height limitations in residential areas."

Formally adopted March 6, 1970, and effective May 5, NTRPA Ordinance No. 3 limited density to not more than 15 units per acre and height to 2½ stories. Effective April 3, 1970, an amendment to Washoe County Ordinance No. 57 imposed a height limitation of 2 stories. That amendment was read for the first time on March 5, 1970, the same day the Washoe Board of County Commissioners denied the appeal appellants had taken pursuant to NRS 278.330(5). The aforesaid ordinances culminated planning to control development in the Lake Tahoe Basin for the benefit of all property owners, begun under legislative mandate long before appellants' property interests were acquired about February 1, 1969. (See: Stat. of Cal. 1965, ch. 1231; Stat. of Nev. 1965, ch. 263.) Appellants tender no claim that either is invalid. They urge, simply, that we should adopt the "minority" rule, holding their property is governed by the ordinance in effect when they applied for approval of their plans.

In our view, the rationale of authorities cited by appellants should not be followed in the instant case, which involves standards established by virtue of legislative mandate, directed toward solution of social and ecological problems our legislature had formally recognized before the acts appellants claim to have performed in reliance on Washoe County Ordinance No. 57 in its original form. In the facts of this case, we believe the district court correctly held that appellants had no vested right to application of superseded zoning regulations, and that the ordinances in effect when the court ruled were controlling. Spindler Realty Corporation v. Monning, 53 Cal.Rptr. 7 (Cal. App. 1966); Paliotto v. Dickerson, 256 N.Y.S.2d 55 (App. Div. 1964); Shender v. Zoning Board of Adjustment, 131 A.2d 90 (Pa. 1957); Caputo v. Board of Appeals of Somerville, 111 N.E.2d 674 (Mass. 1953); Socony-Vacuum Oil Co. v. Mount Holly Tp., 51 A.2d 19 (N.J. 1947).

The change in restrictions clearly was not a device to justify prior arbitrary and discriminatory disapproval of appellants' plans. Cf. Henderson v. Henderson Auto, 77 Nev. 118, 359 P.2d 743 (1961). The pleadings and affidavits on file show no genuine factual issue in regard to appellants' claim of estoppel. NRCP 56(c).

Hence, the judgment appealed from is affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.