PHILLIP A. WILLIAMS, APPELLANT, *v.* ROBERT GRIFFIN, ET AL., RESPONDENTS.

No. 7910

November 21, 1975                           542 P.2d 732

*Victor Alan Perry,* of Carson City, for Appellant.

*Ronald T. Banta,* District Attorney, Lyon County, for Respondents.

744

## OPINION

By the Court, ZENOFF, J.:

In January of 1973, Phillip Williams purchased approximately 17 acres of land in Mason Valley, Lyon County, for the purpose of growing alfalfa and raising cattle. He intended eventually to build a home thereon for himself and his son. Because he was unable to obtain financing for construction of the house he moved a mobile trailer onto the land and began living there even though he was denied the necessary permit required by the county before a mobile home could be located on a given parcel of land. Permits to construct a septic tank and to run electricity to a well pump for the stated purpose of watering cattle were granted. Without authorization from the building department, Williams connected his mobile home to the septic tank and the electrical facilities.

The land Williams bought, although zoned for open use, was subject to a moratorium imposed by a county resolution prohibiting the location of mobile homes on any new sites. In December of 1971, the Board of County Commissioners began fashioning a master plan zoning scheme which, while it was being effectuated, gave rise to the moratorium. Public hearings concerning the new zoning plan were held throughout 1972 and early 1973. Thereafter, Ordinance No. 136 constituting the new zoning plan was passed and made effective October

26, 1973. Williams did not commence to reside on the property in the mobile home until November 1973. When ordered to vacate he initiated this action.

Although the appellate questions are recited otherwise, the real issue concerns the validity of the moratorium. If the moratorium was valid, it was effective and binding on Williams and the question of retroactivity raised by appellant then would not be relevant.

1.    Although there exists a minority of authority to the contrary, administrative agencies may refuse to issue permits which conflict with pending zoning ordinances not yet in effect. If the aggrieved party had actual or constructive knowledge of the pending zoning change and there was in fact a new zoning ordinance pending that was likely to become effective in a relatively short period of time, the denial of permits authorizing a use not conforming to the pending zoning scheme is proper. Kings Castle v. Washoe Co. Bd. Comm'rs, 88 Nev. 557, 502 P.2d 103 (1972); Russian Hills Imp. Ass'n v. Board of Permit Appeals, 423 P.2d 824 (Cal. 1967); City of Los Angeles v. Superior Court, 34 Cal.Rptr. 161 (1963); County Coun., Montgomery Cty. v. District Land Corp., 337 A.2d 712 (Md. 1975); Casey v. Zoning Hearing Board of Warwick Township, 328 A.2d 464 (Pa. 1974).

It is axiomatic that an extensive zoning scheme cannot be fashioned and implemented within a day's time. This is particularly true when one considers the mandates of NRS 278.010 et seq. requiring, among other things, public hearings pursuant to published notice. For this reason "we may take judicial notice of the fact that it will take much time to work out the details of such a plan and that obviously it would be destructive of the plan if, during the period of its incubation, parties seeking to evade the operation thereof should be permitted to enter upon a course of construction which might progress so far as to defeat in whole or in part the ultimate execution of the plan." Miller v. Board of Public Works, 234 P. 381, 388 (Cal. 1925).

The new master plan zoning proposal devised by the county commissioners was the product of numerous public hearings which were conducted subsequent to written notification appearing in the local newspapers. See NRS 278.210. Constructive knowledge thereof can be attributed to Williams who never possessed the absolute right to have a mobile home

permit issued to him. Russian Hills Imp. Ass'n v. Board of Permit Appeals, supra.

That the County Building Inspector did not have the necessary authority to enforce the prospective zoning provisions is a spurious contention which we refuse to entertain. See NRS 278.570.

Affirmed.

GUNDERSON, C. J., and MOWBRAY, BATJER, and THOMPSON, JJ., concur.