NORTH NEVADA COMPANY, INC., A DELAWARE CORPORATION QUALIFIED TO DO BUSINESS IN THE STATE OF NEVADA, APPELLANT, v. BRUNO MENICUCCI, MAYOR OF THE CITY OF RENO, CLYDE BIGLIERI, ED SPOON, ED OAKS, BILL WALLACE, WILLIAM GRANATA, ROBERT K. BEAMAN, RESPONDENTS.

No. 10920

June 4, 1980                                      611 P.2d 1068

*Alan B. Andrews,* Las Vegas; *Keith Lee,* Reno; *Fleishamn, Brown, Weston & Rohde,* Beverly Hills, California, for Appellant.

*Louis S. Test,* City Attorney, *Charles L. Eddleman,* Assistant City Attorney, Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

North Nevada Company appeals from the district court's denial of injunctive relief and refusal to compel the Reno City Council to grant a business license to North Nevada Co. The district judge found Reno's general business license provisions, R.M.C. § 4.01.010 *et seq.,* to be constitutional and dissolved a temporary restraining order against city officials. We reverse and remand.

On May 23, 1977, North Nevada Co. applied for a business license to operate an adult book store, novelty shop, and movie

arcade in Reno. Fire code violations were discovered on May 24 and June 7. North Nevada Co., dba Virginia Street Book Store opened for business without a license on June 1, 1977. North Nevada Co. contended then, and now, that Reno's licensing ordinance is an unconstitutional prior restraint of First Amendment freedoms that may be ignored with impunity.

On June 17, 1977, all fire code violations were cured. However, the license inspector denied North Nevada Co.'s license application because a new regulated use ordinance was being considered by the city council. The ordinance, R.M.C. § 11.12.145, became effective on July 1, 1977.[1]

The city council affirmed the denial on July 25, 1977. North Nevada Co. filed a complaint seeking a declaration that the general business license provisions of the Reno Municipal Code and the regulated use ordinance are unconstitutional. It also requested an injunction restraining Reno from prosecuting North Nevada Co. for operating without a license or, in the alternative, a writ of mandamus compelling the council to issue a business license to North Nevada Co. The district judge denied the relief sought.

Reno's municipal code provides that it is unlawful for any entity to carry on any business in Reno without first procuring a license. R.M.C. § 4.01.020. All applications for the issuance of a business license are referred to the license inspector who has "the power in the first instance to determine whether or not the license shall issue". R.M.C. § 4.01.170. If the inspector denies the application, the applicant may appeal to the city council. The council may deny issuance of a license on the basis of any of the grounds enumerated in § 4.01.310. R.M.C. § 4.01.310 provides:

> Good cause for [denial] . . . shall include but is not limited to: (1) The existence of unsanitary conditions, noise, disturbances, or any other conditions at, near or in the premises which cause or tend to create a public nuisance or which injuriously affects the public health, safety or welfare; (2) The commission of, or permitting or causing the commission of, any act in the operation of the business which act is made unlawful or is prohibited by any ordinance, rule or law of the city, state or federal governments; and (3) Fraudulent practices and misrepresentation

[1]R.M.C. § 11.12.145 prevents the establishment of regulated uses within 1,000 feet of any other regulated use and within 500 feet of residential areas. Regulated uses include, *inter alia,* adult book stores, massage parlors, and pawnshops.

in the operation of the business, or concealment or misrepresentation in procuring the license.

North Nevada Co. argues that R.M.C. § 4.01.170 and § 4.01.310 are facially invalid because they permit licensing authorities to exercise unlimited discretion in determining whether or not to grant business licenses to those engaged in communicative activities protected by the First Amendment.[2] We agree.

Whether or not a statute is overbroad depends upon the extent to which it lends itself to improper application to protected conduct. The statute need not explicitly refer to First Amendment activities. People v. Fogelson, 577 P.2d 677 (Cal. 1978) (construing ordinance prohibiting solicitation on city property). To be constitutionally acceptable, an ordinance authorizing officials to license activity that is presumptively protected by the First Amendment must establish precise, narrowly-drawn standards to guide the officials. Talk of the Town v. City of Las Vegas, 92 Nev. 466, 553 P.2d 959 (1976). *See also* Shuttlesworth v. Birmingham, 394 U.S. 147 (1969).

R.M.C. § 4.01.170 and § 4.01.310 are so broad that they vest officials with the power to deny a license based solely on the content of the books to be disseminated. The criteria are vague, subjective, and non-exclusive. Consequently, the licensing provisions create an unconstitutional prior restraint and are invalid.[3]

R.M.C. § 11.12.145 is a valid means of restricting the location of adult-oriented businesses. *See* Young v. American Mini Theatres, 427 U.S. 50 (1976). However, R.M.C. § 11.12.145 was not effective until July 1, 1977, and applies only to regulated uses established thereafter. R.M.C. § 11.12.145(c)(e).

[Headnote 4]

In this case, North Nevada Co. had fully complied with the fire and building standards by June 17, 1977. It was entitled to a license on that date. Because the book store was operating legally, albeit without a license, after June 17, 1977, R.M.C. § 11.12.145 cannot be applied retroactively to close it at its present location.

---

[2] "Congress shall make no law . . . abridging the freedom of speech, or of the press. . ." The First Amendment is made applicable to the states by the due process clause of the Fourteenth Amendment. Edwards v. South Carolina, 372 U.S. 229 (1963).

[3] To pass constitutional requirements, the licensing ordinance should set objective standards to guide licensing authorities, such as requiring compliance with fire, building, safety, health, and zoning regulations.

The judgment of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.