**NEWMAN SIGNS, INC., a North Dakota corporation, Plaintiff and Appellant,**

**v.**

**Walter HJELLE, as North Dakota State Highway Commissioner, acting as and for the State of North Dakota, Defendant and Appellee.**

Civ. No. 9394–A.

Supreme Court of North Dakota.

Dec. 24, 1980.

Rehearing Denied Jan. 23, 1981.

Cahill, Gunhus, Grinnell, Jeffries, Klinger, Vinje & Swenson, Moorhead, Mn., for plaintiff and appellant; argued by Edmund G. Vinje, II, Moorhead, Mn.

Steven L. Latham, Sp. Asst. Atty. Gen., Bismarck, for defendant and appellee.

SAND, Justice.

This is an appeal from a summary judgment granted in favor of the North Dakota State Highway Commissioner [Commissioner], and against Newman Signs, Inc. [Newman]. We affirm.

Newman initiated this action in district court seeking a writ of mandamus directing the Commissioner to issue a permit to Newman to erect advertising signs along Interstate 94 in Mapleton Township near West Fargo, North Dakota. This land is within one mile of West Fargo, and the city has the authority to extend its zoning jurisdic-

tion to the land.[1] Prior to April 1979 this land was zoned commercial pursuant to a Mapleton Township ordinance. On 16 Apr 1979 a West Fargo ordinance changing the zoning classification of the land from commercial to agricultural was given its first reading. On 29 April 1979 Newman applied to the Commissioner pursuant to Ch. 24–17, North Dakota Century Code, and the rules and regulations promulgated thereunder for permits to erect advertising signs on the land. On 21 May 1979 the second reading of the ordinance was given, and the ordinance was published on 30 May 1979.

The Commissioner denied Newman's application for the permits on 22 May 1979. Newman subsequently erected the signs on the land without securing the required permits. The Commissioner notified Newman that the signs were illegally erected and would have to be removed within 30 days or they would be deemed abandoned and removed by the State. Newman then commenced this action and obtained a temporary restraining order preventing the State from removing the signs while the action was pending. The Commissioner moved for a summary judgment and the motion was granted. The temporary restraining order was lifted. Newman appealed from that judgment to this Court.[2]

The issues raised by Newman on this appeal may be framed into the following question: Whether or not summary judgment was appropriate in this action for a writ of mandamus.

■ It is well settled that summary judgment pursuant to Rule 56, North Dakota Rules of Civil Procedure, is available for a prompt and expeditious disposition of a controversy without a trial if there is no dispute as to a material fact and if there is no dispute regarding the inferences that may be drawn from the facts, or if only a question of law is involved. *E. g., Zuraff v. Empire Fire and Marine Insurance Co.*, 252 N.W.2d 302 (N.D.1977); *Farmers Elevator Co. v. David*, 234 N.W.2d 26 (N.D.1975). It is equally well settled that a party moving for a summary judgment must clearly demonstrate that there is no genuine issue of material fact. *E. g., Yegen v. City of Bismarck*, 291 N.W.2d 422 (N.D.1980). We must also consider the relevant facts to determine if they are adequate for the issuance of a writ of mandamus.

Section 32–34–01, NDCC, deals with writs of mandamus and provides, in part, as follows:

"The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station . . . ."

■ The applicant for a writ of mandamus must show the existence of a legal right to the performance of the particular act sought to be compelled by the writ. *City of Fargo v. Cass County*, 286 N.W.2d 494 (N.D.1979). The applicant must also establish that there is not a plain, speedy and adequate remedy in the ordinary course of law. Section 32–04–02, NDCC; *City of Fargo v. Cass County, supra.*

■ A writ of mandamus does not apply to compel acts which are discretionary. *City of Fargo v. Cass County, supra.*

■ A writ of mandamus is not available when there is an appeal available from an adverse decision of an administrative agency. See, *Leonard v. Medlang*, 264 N.W.2d 481 (N.D.1978).

Newman contends that the issuance of permits for advertising signs by the Commissioner is a mandatory, ministerial act prescribed by the rules and regulations promulgated by the North Dakota Highway Corridor Board [Board] pursuant to § 24–

---

1. See Section 40–47–01.1(2), NDCC.

2. This court issued an ex parte order dated 3 Sept. 1980 which stayed the summary judgment of the trial court and restrained the Commissioner from removing or destroying the signs. This court, after a hearing to reconsider that order, vacated the temporary stay and temporary order.

17–09, NDCC.[3] In support of this contention Newman points to § 36–02–01–04, North Dakota Administrative Code, which provides in part that "the permit license shall be supplied by the Highway Commissioner in conformance with directions adopted by the Highway Corridor Board."

It is undisputed that at the time Newman applied for the permits, the City of West Fargo was in the process of rezoning the property from commercial to agricultural. We realize a period of time is involved in the enactment and implementation of a zoning change, and during the interim period applications for permits may be submitted. However, the mere application does not always require the issuance of a permit particularly when a zoning change is in progress. *Cf., Williams v. Griffin*, 91 Nev. 743, 542 P.2d 732 (1975) [building permits]; see generally 50 A.L.R.3d 596, 620. In this instance we believe it was proper for the Commissioner to hold in abeyance the issuance of a permit to Newman because of the pending change. In fact, the Commissioner, by not issuing the permits, may have saved the State from additional liability and expenses for the later removal of compensable signs. See, § 24–17–05, NDCC.

Additionally, we believe that Newman took the law in its own hands by erecting the signs after the permits were declined and the zoning change was completed and accepted the consequences for its actions.

Newman also contends that because § 24–17–15, NDCC, provides for appeals from adverse decisions by the Board and not by the Commissioner, there are no provisions for an appeal from a denial of a permit by the Commissioner. Therefore, Newman contends that a writ of mandamus must be issued because there is no plain, speedy, and adequate remedy available.

■ The Board is not necessarily subject to the provisions of the Administrative Agencies Practice Act, Ch. 28–32, NDCC, relating to procedures for promulgating their internal rules or regulations. *New-*

*man Signs, Inc. v. Hjelle*, 268 N.W.2d 741 (N.D.1978). However, appeals from adverse decisions by the Board are governed by some provisions of Ch. 28–32, NDCC, because § 24–17–15, NDCC, provides as follows:

"Any person, or persons, jointly and severally, aggrieved by a decision of the board under this chapter, may appeal therefrom to the district court and to the supreme court in accordance with sections 28–32–15 through 28–32–21, provided, however, that no other sections in chapter 28–32 shall be applicable to any proceedings of the board."

Section 24–17–06, NDCC, provides for the creation of the Board to perform the functions of Ch. 24–17, NDCC. Section 24–17–09(1), NDCC, allows the Board to establish suitable regulations to carry out the purposes of Ch. 24–17. Pursuant to this section, the Board has promulgated rules and regulations found in Title 36 of the North Dakota Administrative Code. Section 36–01–01–01(3) of the North Dakota Administrative Code sets out the functions of the Board and provides in part that the "Board has the authority to ... provide for the permits authorizing the erection of outdoor advertising structures adjacent to the state highway system." In Section 36–02–01–04, North Dakota Administrative Code the Board has delegated its authority to issue permits to the Commissioner. Thus, the effect of a denial of a permit by the Commissioner is a denial of a permit by the Board and the appeal provisions of § 24–17–15, NDCC, apply.

■ We conclude that the sequence of events leading up to this controversy indicates that there was a pending zoning change which did not give Newman a right to the permits, and that Newman had another remedy available, an appeal to the district court pursuant to § 24–17–15, NDCC. Therefore, Newman was not entitled to a writ of mandamus, and the Commissioner was entitled to a summary judgment in his favor.

---

**3.** The rules and regulations promulgated by the Highway Corridor Board are found in Title 36 of the North Dakota Administrative Code.

Additionally, we believe some observations on the procedure for an appeal are in order. The language of § 24–17–15, NDCC, specifies that only §§ 28–32–15 through 28–32–21, NDCC, are applicable to appeals from decisions of the Board under Ch. 24–17. Section 28–32–15, NDCC, provides in part as follows:

"Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. . . ."

Section 28–32–19, NDCC, deals with the scope and procedure on appeal from a determination by an administrative agency and provides as follows:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.
2. The decision is in violation of the constitutional rights of the appellant.
3. Provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions and decision of the agency are not supported by its findings of fact.

If the action of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

■ These sections implement an appeal in which the review is based on the record filed with the court. The right to an appeal would be of no value if there was no record of an agency's action to review. Section 28–32–19, NDCC, implies that a hearing be held by the agency and that findings of fact and conclusions of law are part of the record of that hearing.

We have noted that an agency may, in some instances, summarily deny a claim by letter in an informal hearing. *Steele v. Workmen's Compensation Bureau*, 273 N.W.2d 692 (N.D.1978). In *Steele*, the rules and regulations promulgated by the Workmen's Compensation Bureau [Title 92 North Dakota Administrative Code] provides for an informal hearing and a formal hearing. In *Steele* we concluded that

". . . a formal hearing is required whenever the administrative agency acts in a quasi-judicial capacity unless the parties either agree otherwise or there is no dispute of a material fact." 273 N.W.2d at 701.

We do note that the Highway Corridor Board has not promulgated rules and regulations concerning summarily disposing of applications for permit and the right to a formal hearing. We share Newman's concern in this aspect. However, there was a remedy available to Newman and he chose instead to proceed by mandamus which, in this instance, was not proper.

The decision of the district court is affirmed.

ERICKSTAD, C. J., VANDE WALLE and PAULSON, JJ., and MEDD, District Judge, concur.

PEDERSON, J., disqualified; JOEL D. MEDD, District Judge, sitting.