THE BOARD OF CLARK COUNTY COMMISSIONERS OF CLARK COUNTY, NEVADA, SAM BOWLER, THALIA DONDERO, MANUEL CORTEZ, DAVID CANTER, RICHARD RONZONE, JACK PETTITI AND ROBERT BROADBENT, AS MEMBERS OF THE BOARD OF CLARK COUNTY COMMISSIONERS, JOHN McCARTHY, SHERIFF, JERE VANEK, ASSISTANT SHERIFF AND JOHN VORNSAND, ZONING ADMINISTRATOR OF THE CLARK COUNTY ZONING DIVISION, APPELLANTS, v. EXCITE CORPORATION DBA THE PARADISE CENTER, RESPONDENT.

No. 12915

April 28, 1982                               643 P.2d 1209

[Rehearing denied July 30, 1982]

*Robert J. Miller,* District Attorney, *S. Mahlon Edwards,* Deputy District Attorney, Las Vegas, for Appellants.

*Alan B. Andrews,* Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, SR. J.:[1]

On September 20, 1979, Excite Corporation, plaintiff below, sought a permit to operate a bookstore at 4034 Paradise Road, in Clark County, pursuant to the general business license provisions of Clark County Code Chapter 6.04. The Clark County Licensing Bureau informed plaintiff that it must first obtain zoning approval, including a conditional use permit as required of bookstores by Clark County Code § 29.66.020(N),[2] through procedures set forth in Code § 29.66.010(A).

Plaintiff refused to submit its application for a conditional use permit, and instead filed suit in district court on September 24, 1979, seeking declaratory and injunctive relief, on constitutional grounds, from the enforcement of the licensing and zoning provisions mentioned above. Plaintiff also alleged in its

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19(1)(c), SCR 10.

[2]Subsection (N) is the applicable subsection designation in effect in 1979. *See,* Clark County, Nev. Ord. 609 § 2 (1979).

complaint that it desired to operate an adult film "arcade" at the same address, noting that Clark County Code Chapter 6.95 purported to regulate the licensing of theaters, including "Adult Picture Arcades," and sought similar injunctive relief on constitutional grounds from the enforcement of this portion of the code.

On October 2, 1979, plaintiff successfully sought a temporary restraining order prohibiting enforcement of the licensing and zoning ordinances mentioned above. On the same date, the Board of County Commissioners of Clark County enacted a zoning ordinance regulating the location of, and establishing special permit requirements for, certain defined "adult uses." Clark County Code § 29.49.010 *et seq.* became effective October 16, 1979. On November 6, plaintiff opened for business pursuant to the temporary restraining order.

Thereafter, plaintiff sought leave to amend its complaint to seek a writ of mandamus, based upon its discovery that a conditional use permit had been issued in 1963 to the Paradise Shopping Center for a "market and retail store shopping area." Plaintiff contended that it was entitled, on the basis of this permit, to a summary "sign-off" of all zoning requirements by the zoning administrator, since it was operating a "retail store" in the Paradise Shopping Center. The district court granted leave to amend, but specified that the amendment was not to relate back to the date the complaint was filed.

On June 26, 1980, the court handed down its decision and order, granting plaintiff the relief it had sought. The court concluded that the licensing scheme in effect at the time of plaintiff's license application in September, 1979, and from which it had sought injunctive relief, was invalid for failure to specify precise and objective standards, failure to provide for a prompt hearing, and failure to require a set time period for a ruling on a license request. The court accordingly granted plaintiff injunctive relief from enforcement of Code §§ 6.04.010 *et seq.,* 29.66.020(N), 29.66.010(A), and 6.95.010 *et seq.* The court then held that Clark County Code Chapter 29.49 did not apply to plaintiff. While acknowledging that plaintiff had not directly sought relief from the operation of Chapter 29.49, the court specifically granted the writ of mandamus "to compel the zoning administrator to 'sign-off' the zoning requirements of 29.49 and 29.66.020(N)."

Counsel for appellants has wisely conceded the unconstitutionality of the licensing and zoning scheme challenged by respondent. *See* North Nevada Co. v. Menicucci, 96 Nev. 533, 611 P.2d 1068 (1980); Talk of the Town v. City of Las Vegas, 92 Nev. 466, 553 P.2d 959 (1976). We note that respondent has

not challenged the constitutionality of the licensing and zoning scheme reflected in Clark County Code Chapter 29.49. *See* Young v. American Mini Theatres, 427 U.S. 50 (1976). Therefore, as the court below correctly perceived, the central and dispositive issue is whether respondent is entitled to be licensed, or to operate without a license, because it first submitted an application, and then filed its complaint for injunctive relief, when the licensing scheme concluded to be unconstitutional was in effect, or whether, as the appellants contend, Chapter 29.49 is applicable. The district court ruled that Chapter 29.49 did not apply to petitioner, primarily on the authority of our decision in North Nevada Co. v. Menicucci, 96 Nev. 533, 611 P.2d 1068 (1980). This reliance was misplaced.

In *North Nevada* a new zoning ordinance related to location of "regulated uses," including adult book stores, became effective July 1, 1977. It was applicable "only to regulated uses established thereafter." 96 Nev. at 536, 611 P.2d at 1070. We held that because the applicant was operating and had fully complied with the applicable fire and building codes by June 17, 1977, it was entitled to open and therefore was "operating legally, albeit without a license" prior to July 1, and the new ordinance could not be "applied retroactively" to close the bookstore. *Id.*

In this case, Clark County Code § 29.49.070 similarly provided that the chapter would not apply to nonconforming uses if they had fully complied with applicable building fire and licensing codes, as well as effective zoning codes, "when said use commenced." Unlike the bookstore in *North Nevada,* the applicant in this case did not begin operation until three weeks after the effective date of the new zoning ordinance. At oral argument counsel for respondent informed the court that the delay was occasioned by the need to obtain building and fire code approval. Thus it appears that respondent was neither actually open, nor entitled to open, before that date.

As we have previously held, unequivocal intent to use the property in a particular way cannot substitute for actual use at the time a zoning ordinance is enacted, so as to establish a valid nonconforming use. Pederson v. County of Ormsby, 86 Nev. 895, 478 P.2d 152 (1970). Respondent's contention that the conditional use permit issued to the Paradise Shopping Center in 1963 runs with the land cannot establish more than compliance with prior zoning regulations. It cannot convert

intended use into actual use or establish compliance with the remaining requirements for qualification as a nonconforming use.

Finally, Williams v. Griffin, 91 Nev. 743, 542 P.2d 732 (1975), cited by the court below, does not apply to the facts of the instant case. In *Williams* we upheld the decision of an administrative agency to deny a permit when the proposed use would conflict with a pending, but not yet enacted, zoning ordinance. *See also* Kings Castle v. Washoe Co. Bd. Comm'rs, 88 Nev. 557, 502 P.2d 103 (1972). The acceleration of the effective date of the zoning ordinance was upheld on the ground of the property owner's actual or constructive knowledge of the pending change. In this case, of course, there was no question of acceleration, because the zoning ordinance had already gone into effect. Moreover, it affirmatively appears that respondent had actual knowledge of the pending ordinance at the time it filed its complaint on September 24, 1979.

Insofar as the judgment of the district court granted an injunction against enforcement against respondent of the previous licensing and zoning scheme embodied in former Clark County Code Chapter 6.04, §§ 29.66.020(N) and 29.66.010(A), and Chapter 6.95, the judgment is affirmed. Insofar as it granted a writ of mandamus to compel the Clark County zoning administrator to certify respondent's compliance with the applicable provisions of Clark County Code Chapter 29.49, however, the judgment is reversed and remanded. Respondent is entitled to no more than the opportunity to show that it was in compliance with the valid and applicable codes at the time it commenced operations.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.