CINEMA ARTS, INC., a Nevada Corporation, Plaintiff-Appellant,

v.

The COUNTY OF CLARK and the Board of County Commissioners of Clark County, Nevada, Defendants-Appellees.

No. 82–5076.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 1982.

Decided Dec. 30, 1983.

Alan B. Andrews, Las Vegas, Nev., Arthur M. Schwartz, Denver, Colo., for plaintiff-appellant.

John Whisenhunt, Las Vegas, Nev., for defendants-appellees.

Before POOLE and BOOCHEVER, Circuit Judges, and McNICHOLS,* District Judge.

POOLE, Circuit Judge:

Cinema Arts appeals from a district court order abstaining from the exercise of jurisdiction over Cinema Arts' action against Clark County. We reverse and remand.

The Clark County Adult Use Ordinance [1] (the Ordinance) restricts the location of all "adult uses" [2] to a C–2 zoned area. Within the C–2 area no adult use is permitted within a three-hundred foot radius of another existing adult use; no customer entrance of an adult use is permitted within a two-hundred foot radius of any residential district, and no adult use is permitted within a five-hundred foot radius of a pre-existing public school, library, place of worship or non-adult theater. Ordinance Sections 29.49.030(1–3).

Cinema Arts is a Nevada corporation which seeks to open an adult-oriented business in Clark County. For this purpose,

---

* The Honorable Ray McNichols, Senior United States District Judge for the District of Idaho, sitting by designation.

1. Chapter 29.49 of the Clark County Code.

2. Adult uses include but are not limited to the following:

Adult Bookstore, Adult Motion Picture Theater, Adult Mini Motion Picture Theater, Adult Entertainment Cabaret, Adult Picture Arcade, Sex Novelty Shop. Section 29.49.030 of the Clark County Code.

Cinema Arts acquired land in an H–2 district which is zoned for general highway frontage use. Chapter 29.32 of the Clark County Code. Because adult uses are not permitted in an H–2 zone, Cinema Arts applied for a variance and a zone change. Both requests were denied by the zoning board and Cinema Arts has never challenged the board's decision.

Cinema Arts then brought this action under 42 U.S.C. § 1983 for a declaration that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution, and an injunction to prevent its enforcement. Cinema Arts claims that the Ordinance is unconstitutional under *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), in that it prevents new adult businesses from distributing sexually oriented materials presumptively protected by the First Amendment.

Following two days of hearings, the district court abstained on the basis of *Railroad Commission v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

DISCUSSION

Under *Pullman* a district court can postpone the exercise of its jurisdiction when a "federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959); *Midkiff v. Tom,* 702 F.2d 788, 789 n. 1 (9th Cir.1983), *prob. juris. noted,* —— U.S. ——, 104 S.Ct. 334, 78 L.Ed.2d 304 (1983). However, *Pullman* abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it. *Frank Mashuda Co.,* 360 U.S. at 188, 79 S.Ct. at 1062; *Midkiff,* 702 F.2d at 789 n. 1.

■ In reviewing district court abstention orders we have applied an abuse of discretion test. *C–Y Development Co. v. City of Redlands,* 703 F.2d 375, 377 (9th Cir.1983). A three part test for applying the *Pullman* doctrine has been established in this circuit. *Canton v. Spokane School*

*District # 81,* 498 F.2d 840 (9th Cir.1974). Abstention may be proper when:

  (1) The complaint "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open."

  (2) "Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy."

  (3) The possible determinative issue of state law is doubtful.

*Id.* at 845 (footnote omitted), quoting *Railroad Commission v. Pullman,* 312 U.S. 496, 498, 61 S.Ct. 643, 644, 85 L.Ed. 971 (1941); *Richardson v. Koshiba,* 693 F.2d 911, 915 (9th Cir.1982). All three requirements must be met before abstention can be ordered. *Santa Fe Land Improvement Co. v. City of Chula Vista,* 596 F.2d 838, 840 (9th Cir. 1979).

■ Clark County contends that the *Canton* requirements have been satisfied and that the district court did not abuse its discretion by ordering abstention. We disagree.

The first *Canton* criterion is satisfied. This case involves a constitutional challenge to a zoning ordinance. We have recognized that land use planning often involves a "sensitive area of social policy which [may satisfy] the first *Canton* requirement." *C–Y Development Co.,* 703 F.2d at 377.

*Canton's* second requirement is not present. It does not appear that the Nevada state court's resolution of the state law issues involved here will "obviate, or at least delimit, decision of the federal (constitutional) question ...", *Canton,* 498 F.2d at 845, for the following reasons.

At first, the parties disagreed as to which ordinance applies to this case. Such an issue might, if sufficiently material, call for resolution before application of federal jurisdiction. However, during oral argument the issue was resolved, and Cinema Arts now concedes that Ordinance 737 is applicable.

Next, the parties dispute the number of locations that are legally available for adult uses in the C–2 zone. Clark County contends that there are 25 to 27 locations while Cinema Arts believes the number is lower. Cinema Arts' estimate is based on a broad construction of the ordinance. For example, Section 29.49.030(2) provides that "[n]o customer entrance of [an] adult use shall be located within a two-hundred foot radius of any zoning district which is zoned for residential use." Cinema Arts argues that this measurement should be made from the nearest corner of any building in which an adult use is located, rather than from the customer entrance. This interpretation would eliminate five sites previously identified as available.

Also, Section 29.49.030(3) prohibits the placement of an adult use within a "500 foot radius of a pre-existing public school . . . or place of worship." Cinema Arts interprets "public school" to include day care centers and private schools and also interprets "place of worship" to include a Church of Scientology. These interpretations, if accepted, would decrease the number of available locations.

Without doubt a Nevada state court could address these apparent ambiguities in the Ordinance and determine the number of locations that are legally available in the C–2 zone. However, because abstention is a narrow exception to the federal court's obligation to hear and decide those issues over which it has jurisdiction, *Midkiff,* 702 F.2d at 789 n. 1, we do not believe that a federal court should abstain simply because it may be confronted with a potentially ambiguous state law or local ordinance.

To the extent that the proper construction of the Clark County Ordinance is material, its ambiguities can be resolved by application of basic principles of statutory construction. The district court can readily apply these principles without having to abdicate its responsibility to decide a case which is properly before it.

More importantly, a Nevada state court's construction of the Ordinance would not dispose of the federal constitutional issues

in this case. Even should the Ordinance be construed in a manner which supports the County's claim of 25 to 27 legally available locations, the dispute would not be ended. Cinema Arts still contends that as a practical matter no locations are available in the C–2 zone because landlords will not rent to adult-oriented businesses. Moreover, Cinema Arts alleges that Clark County's motivation for choosing the C–2 zone was this practical unavailability of locations.

Consequently, the most that a state court could do would be to settle the ambiguity in the Ordinance and thus ascertain how many locations are legally available in the C–2 zone. This construction of state law would not resolve the important constitutional issue of whether Clark County's motive for choosing the C–2 zone was the practical unavailability of spots, and hence that the Ordinance reflects a design to prejudice a protected First Amendment freedom.

The third state law issue, claimed by appellees as justifying abstention, is whether Clark County exceeded its statutory authority in enacting the Ordinance. This is not a substantial issue. Nevada Revised Statute 278.0222 authorizes county commissions to adopt zoning regulations "restricting the . . . use of buildings, structures or land as adult bookstores or adult motion picture theaters to specific districts within the geographical jurisdiction." Thus, Clark County appears to have been acting within its statutory authorization when it restricted adult uses to the C–2 zone. In any event, statutory authorization is always at issue and is easily determinable by the district court. Of course, should a Nevada court in fact find that Clark County was without authority, this would dispose of the federal issues, but that would also be true if the district court reached that conclusion. We see little likelihood of such result from either federal or state courts, and *Pullman* abstention requires the court to conclude that such a state ruling is "plainly" available. *Canton,* 498 F.2d at 845.

We conclude that resolution of these three state law issues will not dispose of the federal claims. The second of the three

*Canton* criteria has not been met. Since all must be satisfied before a district court can abstain, *Santa Fe Land Improvement Co.,* 596 F.2d at 840, we need not decide if the third requirement was fulfilled. In the absence of compliance with *Canton,* the district court's order of abstention is an abuse of discretion.

Finally, it appears that two state court decisions may have influenced the district court's determination to abstain. In *Board of Clark County v. Excite Corp.,* 643 P.2d 1209 (Nev.1982), Excite challenged the constitutionality of a Clark County ordinance which required a bookstore to obtain a conditional use permit. After Excite filed its action in Nevada state court, Clark County adopted the Adult Use Ordinance which is the subject of this action.

The Nevada district court held that the earlier ordinance was unconstitutional and that the Adult Use Ordinance did not apply to Excite. The Nevada Supreme Court affirmed the district court's ruling as to the unconstitutionality of the old ordinance. However, the court reversed the district court's holding that the Adult Use Ordinance did not apply to Excite. The Supreme Court did not address the constitutionality of the ordinance. The case was remanded to the district court and as far as we can tell there has been no further action.

Abstention based on *Excite Corp.* is improper. Although the case may involve the same ordinance which is being attacked in this action, it does not raise any of the same issues which are present here.

Nor does the second case, *State of Nevada v. Julian,* No. C57192 in the Eighth Judicial District Court of Nevada (1982), compel abstention. *Julian* was convicted of violating a provision of the Adult Use Ordinance. His conviction was affirmed on appeal and there has been no further appeal. *Julian,* like *Excite Corp.,* does not raise any of the constitutional claims that have been presented in this case. To abstain solely because the Adult Use Ordinance is the subject of these cases would be an unwarranted application of the abstention doctrine.

We conclude, therefore, that the district court abused its discretion in ordering abstention. Federal courts have an "unflagging" duty to hear cases that are properly before them. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Abstention is a narrow exception to this obligation. The present case does not fit within this exception. We reverse and remand for further proceedings consistent with this opinion.