39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. LINICK, Plaintiff-Appellant,
v.
The DISTRICT COURT OF the STATE OF OREGON FOR the COUNTY OF
LANE; Ann Aiken, Lane County District Judge;
Frank R. Alderson, District Court Judge;
Bryan T. Hodges, et al.,
Defendants-Appellees.
 No. 93-35121.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Oct. 28, 1994.
 
 Before: ALDISERT,* NORRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Pursuant to Oregon Revised Statutes 151.430 et seq, Oregon's state court administrator has promulgated standards and procedures for appointing counsel to represent indigent criminal defendants at state expense. The standards instruct the Oregon courts to compile lists of eligible attorneys and to appoint counsel from those lists whenever a public defender or other contract attorney is not selected. The standards also establish objective qualification criteria for lawyers representing indigent defendants.
 
 
 3
 Michael D. Linick brought this Sec. 1983 action against the District Court of the State of Oregon for the County of Lane, and District Court Judges Ann Aiken, Frank R. Alderson, Bryan T. Hodges, Darryl L. Larson and Winfrid K. Liepe, claiming that the defendants violated his right to due process when they excluded him from the indigent defense list without granting him a hearing. The district court granted the defendants' motion to dismiss Linick's complaint for failure to state a claim upon which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).
 
 
 4
 The court held that Linick did not have a protectable property interest in being included on the list, and he was therefore not entitled to the procedural protections of the Fourteenth Amendment's Due Process Clause. Linick challenges this ruling, and further asserts the district court erred in dismissing his complaint before he had sufficient opportunity to conduct adequate discovery. The defendants dispute Linick's contentions, and counter that, even if the district court did err, absolute judicial immunity provides an alternative basis for upholding the dismissal of the complaint.
 
 
 5
 We have jurisdiction under 28 U.S.C. Sec. 1291. Because we conclude the district court should have abstained from deciding this case under Railroad Comm'n v. Pullman, 312 U.S. 496 (1941), we do not reach the merits of any of the parties' claims.[1]
 
 DISCUSSION
 
 6
 The Pullman abstention doctrine is a narrow exception to a federal court's duty to adjudicate claims properly before it. County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1958). Under this doctrine, a federal court should "decline to exercise or postpone the exercise of its jurisdiction ... in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." County of Allegheny, 360 U.S. at 188-89.
 
 
 7
 In such cases, abstention serves the important principles of comity and federalism by avoiding " 'unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication.' " Pearl Investment Co. v. City and County of San Francisco, 774 F.2d 1460, 1462 (9th Cir.1985) (quoting Harman v. Forssenius, 380 U.S. 528, 534 (1965)), cert. denied, 476 U.S. 1170 (1986). See also C-Y Development v. City of Redlands, 703 F.2d 375, 377 375 (9th Cir.1983) (citing Martin v. Creasy, 360 U.S. 219, 224 (1959)).
 
 
 8
 We have adopted a three-part test to determine whether abstention is appropriate in a particular case. First, "the complaint must touch a sensitive area of social policy into which the federal courts should not enter unless there is no alternative to adjudication." Richardson v. Koshiba, 693 F.2d 911, 915 (9th Cir.1982). Second, "a definitive ruling on the state issue[ ] by a state court [must potentially] obviate the need for constitutional adjudication by the federal court." Id. Third, "the proper resolution of the possibly determinative state law issue [must be] uncertain." Id. Abstention is proper only if every element of the test is met. Cinema Arts, Inc. v. County of Clark, 722 F.2d 579, 580 (9th Cir.1983); Manney v. Cabell, 654 F.2d 1280, 1283 (9th Cir.1980), cert. denied sub nom. Manney v. Fare, 555 U.S. 1000 (1982); Canton v. Spokane School Dist No. 81, 498 F.2d 840, 845 (9th Cir.1974). We find all three elements satisfied in this case.
 
 
 9
 The operation of a state's indigent defense system, and a state court's discretion to assess the qualifications of potential state-appointed attorneys, implicate sensitive areas of "especial local concern into which federal intrusion is highly undesirable." Cedar Shake & Shingle Bureau v. City of Los Angeles, 997 F.2d 620, 622 (9th Cir.1993). See American Trial Lawyers Ass'n v. New Jersey Supreme Court, 409 U.S. 467, 468 (1973) (per curiam) (agreeing that a dispute between a state court " 'and those persons authorized by that court to practice law in the state ... is an extremely delicate one' "). Certainly, a state court's role in determining eligibility for its indigent criminal defense bar is no less sensitive than many of the other social policy areas in which we have found Pullman abstention proper. See, e.g., Cedar Shake & Shingle, 997 F.2d at 622 (interpretation of state building codes); Manney v. Cabell, 654 F.2d at 1284 (operation of state detention facilities); Burdick v. Takushi, 846 F.2d 587, 589 (9th Cir.1988) (interpretation of state election codes); Almodovar v. Reiner, 832 F.2d 1138, 1140 (9th Cir.1987) (regulation of prostitution and sexually explicit films); L.H. v. Jamieson, 643 F.2d 1351, 1355 (9th Cir.1981) (care of juveniles in state custody); International Brotherhood of Elec. Workers v. Pub. Serv. Comm'n, 614 F.2d 206, 212 (9th Cir.1980) (regulation of public utilities and conservation of energy resources); Rancho Palos Verdes Corp. v. City of Laguna Beach, 547 F.2d 1092, 1094 (9th Cir.1976) (land use planning). In Richardson v. Koshiba, we said "[w]e would be hard pressed to conceive of an area of social policy more sensitive" than one relating to a state's judicial merit selection system. 693 F.2d at 916. We conclude that Oregon's system for appointing counsel to represent indigent criminal defendants touches a "sensitive area of social policy" and there is an alternative to this court's adjudication of the issue. Id. at 916.
 
 
 10
 This case presents a potentially dispositive state law issue which could obviate the need for constitutional adjudication. Linick alleges that a violation of his Fourteenth Amendment right to procedural due process occurred when his application for inclusion on Oregon's indigent defense list was denied without a hearing. But to state a viable procedural due process claim, Linick must first have a protectable property interest in being included on the list. Board of Regents v. Roth, 408 U.S. 564, 577 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). For purposes of the Fourteenth Amendment, "[s]tate law defines what is and what is not property." Dorr v. County of Butte, 795 F.2d 875, 876 (9th Cir.1986); Regents v. Roth, 408 U.S. at 577 (holding that a protectable property interest is a "legitimate claim of entitlement" arising from the rights and benefits conferred by state law).
 
 
 11
 Although Linick's procedural due process claim stems from the federal Constitution, it necessarily depends on an underlying question of state law. See Richardson v. Koshiba, 693 F.2d at 916 (recognizing that the "threshold inquiry" in a Sec. 1983 procedural due process claim is whether the plaintiff has been deprived of a property interest created by state law). If Oregon's eligibility standards entitle all qualified applicants to placement on the indigent criminal defense list, Linick has a protectable property interest. On the other hand, if the standards do not create such an entitlement, Linick does not have a property interest under state law, and his procedural due process claim must necessarily fail. The resolution of this state law issue could make adjudication of the constitutional question unnecessary.
 
 
 12
 The third Pullman abstention factor is also satisfied: Resolution of the possibly determinative state law question--whether Linick has a "legitimate claim of entitlement" to inclusion on the indigent defense list--is uncertain. Oregon's eligibility standards provide no clear guidance because they are susceptible to two plausible, but conflicting, interpretations. If they require that the names of all applicants meeting the objective criteria set forth in Standard 3.1 be included on the list, the standards may create a property interest in all qualified candidates. However, if the standards grant courts discretion to exclude attorneys from the list even though they meet the objective criteria, placement on the list does not rise to the level of a constitutionally protected property right. See Standard 4.1(D) (instructing courts to prepare indigent defense lists based on their review of the applicants' qualifications and on "any applicable contracts"). Oregon courts have not interpreted the standards either one way or the other, and we find no clear indication of how they would resolve the issue were they to address it.
 
 
 13
 Because the district court should have abstained, we vacate the district court's order dismissing Linick's complaint and remand this cause to the district court with instructions to abstain under Pullman. We do not reach the question whether the defendants have judicial immunity, because the resolution of that issue may be unnecessary depending on how Oregon decides the issue whether Linick has a protectable property interest under Oregon law.
 
 
 14
 District court's judgment VACATED; cause REMANDED.
 
 
 
 *
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although they did not raise Pullman abstention in their appellate briefs, the defendants argued the issue in the district court. We also asked the parties to address the abstention issue in this appeal. In any event, we may raise Pullman abstention sua sponte. Richardson v. Koshiba, 693 F.2d 911, 915 (9th Cir.1982)